NO. PD-0356-15

IN THE TEXAS COURT OF CRIMINAL APPEALS

...........................................................................................

NO. 01-13-00775-CR

IN THE COURT OF APPEALS FOR THE

FIRST SUPREME JUDICIAL DISTRICT OF TEXAS

AT HOUSTON

...........................................................................................

TRIAL COURT NO. 1329597

IN THE 209TH DISTRICT COURT

OF HARRIS COUNTY TEXAS

...........................................................................................

RALEIGH JORDAN, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

...........................................................................................

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

...........................................................................................

Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
(832) 603-1330
SBOT 09709800
Attorney for Appellant
chashinton@sbcglobal.net

RECEIVED IN
COURT OF CRIMINAL APPEALS

May 12, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Page:

Statement Regarding Oral Argument    i

Index of Authorities    i, ii

Statement of the Case    1

Statement of Procedural History    1

Question for Review Number One    1

**WHEN THE APPELLATE RECORD CLEARLY REFLECTS THAT THE TRIAL COURT ADMITTED EVIDENCE AS AN EXCEPTION TO TEX. R. CRIM EVID. 404(b), DID THE COURT OF APPEALS ERR IN CONCLUDING THAT APPELLANT WAS NOT ENTITLED TO A LIMITING INSTRUCTION PURSUANT TO TEX. R. CRIM. EVID. 105(a) FOR THE STATED REASON THAT THE EVIDENCE WAS ALSO ADMISSIBLE AS "SAME TRANSACTION CONTEXTUAL EVIDENCE ? (RR 4: 6, 8)"**

Argument    2

Prayer for Relief    11

Certificate of Service    12

Certificate of Compliance    13

Appendix

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4, appellant waives oral argument.

## INDEX OF AUTHORITIES

Cases:                                                              Page:

**Buchanan v. State,**
911 S.W.2d 11 (Tex. Crim. App. 1995)                                 7

**Castaldo v. State,**
78 S.W.3d 345 (Tex. Crim. App. 2002)                                 5

**Delgado v. State,**
235 S.W.3d 244 (Tex. Crim. App. 2007)                                2

**Jackson v. State,**
992 S.W.2d 469 (Tex. Crim. App. 1999)                                4

**Jordan v. State,**
NOS. 01-13-00775-CR & 01-13-00776-CR (Tex. App. -- Houston
[1st Dist.] non-published memorandum op. issued March 10, 2015)    2, 4

**Lam v. State,**
25 S.W.3d 233 (Tex. App. -- San Antonio 2000)                        6

**Rogers v. State,**
853 S.W.2d 29 (Tex. Crim. App. 1993)                                10

**Westbrook v. State,**
29 S.W.3d 103 (Tex. Crim. App. 2000)                                 5

i

# INDEX OF AUTHORITIES (cont'd)

Page:

Rules:

Tex. R. Crim. Evid. 404(b)           1-4, 9-11

Tex. R. Crim. Evid. 105(a)           1, 4, 10-11

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

On June 26, 2013, a jury found appellant guilty of the state jail felony offense of tampering with a government record in cause numbers 1329597 and 1329598. The trial court assessed punishment at 2 years confinement in the state jail in each case; however, the trial court suspended the sentences and placed the appellant on community supervision for 2 years in both cases. Appellant gave timely notice of appeal in both cases.

## STATEMENT OF PROCEDURAL HISTORY

On March 10, 2015, the 1st Court of Appeals issued a non-published memorandum opinion affirming appellant's convictions. No motion for rehearing was filed. Appellant now petitions for discretionary review.

## QUESTION FOR REVIEW NUMBER ONE

**WHEN THE APPELLATE RECORD CLEARLY REFLECTS THAT THE TRIAL COURT ADMITTED EVIDENCE AS AN EXCEPTION TO TEX. R. CRIM. EVID. 404(b), DID THE COURT OF APPEALS ERR IN CONCLUDING THAT APPELLANT WAS NOT ENTITLED TO A LIMITING INSTRUCTION PURSUANT TO TEX. R. CRIM. EVID. 105(a) FOR THE STATED REASON THAT THE EVIDENCE WAS ALSO ADMISSIBLE AS "SAME TRANSACTION CONTEXTUAL EVIDENCE? (RR 4: 6, 8)"**

1

## ARGUMENT

In overruling appellant's sixth issue wherein he complained of trial counsel's ineffectiveness in failing to request a limiting instruction after the admission of extraneous evidence and testimony concerning grand jury subpoenas, the First Court of Appeals stated that "We have already held that the grand jury subpoena evidence was "same transaction contextual evidence." "When evidence is admitted on this basis, Rule 404(b) is not implicated and the defendant is not entitled to any limiting instruction concerning the use of that evidence. *Id.*" **Jordan v. State**, NOS. 01-13-00775-CR & 01-13-00776-CR (Tex. App. -- Houston [1st Dist.] non-published op. issued March 10, 2015) at p. 22.

Appellant concedes that this Court's opinion in **Delgado v. State**, 235 S.W.3d 244, 253 (Tex. Crim. App. 2007) stands for the principle, as quoted by the Court of Appeals, that a defendant is not entitled to a limiting instruction when evidence is admitted on the basis that it is "same transaction contextual evidence". However, appellant contends that his case is distinguishable from that of *Delgado*, id.

In *Delgado*, id. at 253, appellant never objected to the extraneous offense evidence. Both the State and the trial judge implicitly concluded that the

2

extraneous offense evidence was "same transaction contextual evidence".

Significantly, the extraneous offense occurred only minutes before the offense for which the appellant in *Delgado* was on trial.

In appellant Jordan's instant appeal, the state, the defense, and the judge all agreed that the extraneous offense evidence concerning the grand jury subpoenas was offered and admitted into evidence by the trial judge, over appellant's TEX. R. CRIM.. EVID. 404(b) objections, as an exception to 404(b). Prior to trial, the prosecutor, gave appellant formal notice that she intended to use extraneous offense evidence concerning appellant's alleged misuse of grand jury subpoenas (CR I: 15-16). Prior to jury selection, in response to appellant's motion in limine concerning extraneous offenses, the trial court instructed the prosecution to approach the bench before eliciting such testimony (RR 2: 7). Prior to calling her first witness, the prosecutor informed the trial judge that she intended to elicit testimony concerning the grand jury subpoenas and that she believed such testimony and evidence would be admissible under TEX. R. CRIM. EVID. 404(b) in order to establish motive, plan, absence of mistake, as well as the element of intent (RR 4:6).

The appellate record clearly shows that, during appellant's jury trial, neither

3

the state nor the trial judge directly or impliedly concluded that the extraneous offense evidence concerning the grand jury subpoenas was being offered or admitted into evidence as "same transaction contextual evidence". The appellate record does clearly reflect that the extraneous offense evidence relating to the grand jury subpoenas was being offered and admitted into evidence as an exception to 404(b), id. As such, appellant was entitled to a limiting instruction pursuant to TEX. R. CRIM. EVID. 105(a).

As this Court plainly stated in **Jackson v. State**, 992 S.W.2d 469, 477 (Tex. Crim. App. 1999):

"... when an extraneous offense is admitted in the guilt phase of a trial, failing to give a limiting instruction at the time of admission may result in the jury drawing inferences about the defendant's guilt based upon character conformity, a use of the evidence that was not contemplated by the trial court."

The Court of Appeals in appellant's case correctly stated that "Appellant argues that "Appellant's attorneys [sic] failure to request a limiting instruction concerning the extraneous offense evidence and testimony concerning the grand jury subpoenas resulted in ineffective assistance of counsel." **Jordan v. State,**

4

NOS. 01-13-00775-CR & 01-13-00776-CR (Tex. App. -- Houston [1st Dist.] non-published memorandum op. issued March 10, 2015) at p. 22. The Court of Appeals then stated that it agreed with the State's appellate response that the extraneous offense evidence was "same transaction contextual evidence" and therefore no limiting instruction was required. Id., at p. 22.

Appellant contends that the Court of Appeals finding that the extraneous offense evidence was "same transaction contextual evidence" was clearly erroneous and conflicts with this Court of Criminal Appeal's opinions in *Delgado v. State*, supra, at 253; **Castaldo v. State**, 78 S.W.3d 345 (Tex. Crim. App. 2002); and **Westbrook v. State**, 29 S.W.3d 103 (Tex. Crim. App. 2000).

In *Delgado*, supra, at 247, wherein this Court found that the extraneous offense evidence was "same transaction contextual evidence, "The prosecutor invoked the concept of "same transaction contextual evidence" without explicitly using the term. The trial judge inquired whether both events had occurred in the same time frame, and, when the prosecutor said that they were just minutes apart, the judge agreed that the evidence was admissible."

In *Castaldo*, supra, at 352, this Court agreed "that (where) appellant's alcohol intoxication was in fact same transaction contextual evidence, it follows

5

that no limiting instruction was required." In *Castaldo*, the appellant was intoxicated on alcohol at the time of his possession of marijuana.

In *Westbrook*, supra, at 115, this Court said that "Evidence of the three additional killings from that evening was same transaction contextual evidence and, as such, admissible without a limiting instruction. (citations omitted). Such extraneous offenses are admissible to show the context in which the criminal act occurred. (citations omitted). This evidence is considered 'res gestae', under the reasoning that events do not occur in a vacuum, and the jury has the right to hear what occurred immediately prior to and subsequent to the commission of that act so that it may realistically evaluate the evidence. *Ibid*. When this evidence of extraneous offenses is used to prove a main fact in the case, an instruction limiting the jury's consideration of this evidence is generally not required." Appellant suggests that it is noteworthy that, according to the only eyewitness evidence in the case, all 5 homicide victims appeared to have been shot almost simultaneously, Id. at 111.

The Court of Appeals decision concerning the concept of "same transaction contextual evidence" also conflicts with the explanation of the concept of "same transaction contextual evidence" as set forth in **Lam v. State**, 25 S.W.3d 233, 237

6

(Tex. App. -- San Antonio 2000) wherein the Court of Appeals, citing

**Buchanan v. State**, 911 S.W.2d 11,15 (Tex. Crim. App. 1995), stated that, in order for extraneous offenses to be admissible under the theory of "same transaction contextual evidence", "the conduct must be blended or connected to the act for which the defendant is being tried so that they form an indivisible criminal transaction, such that full proof of one could not be given without showing the other."

In the vast majority of cases where appellate courts have approved of the admissibility of extraneous offenses under the guise of "same transaction contextual evidence", the temporal proximity between the extraneous offense and the crime for which the appellant was on trial seemed to be a most significant factor of the appellate analysis.

In appellant Jordan's instant appeal there was no temporal proximity of the extraneous offense evidence concerning the grand jury subpoenas with the case in chief offense of tampering with a government document.

State's exhibit #43 (RR 6) entitled "Raleigh Jordan Case Timeline" clearly shows that, concerning HPD Current Information Report #115482609, the supplemental entries to the original offense report that were made in the name

7

of Officer Lewis were dated 9/20/2010, 11/3/2010, 11/5/2010 and 6/10/2011.

Concerning HPD Current Information Report #023382611, the original report that was made in the name of Officer Lewis was dated 4-12-2011.

State's exhibit #44 (RR 6), the notary log book of witness Ms. Rebecca Zepeda documenting the grand jury subpoenas, reflects that she notarized 7 grand jury subpoenas for appellant on July 13, 2011, 3 grand jury subpoenas on July 14, 2011 and lastly, 4 grand jury subpoena affidavits on July 18, 2011.

Therefore, the extraneous offense evidence which the Court of Appeals characterized as "same transaction contextual evidence" occurred over a month after the last supplemental offense report entry made under the name of Officer Lewis concerning HPD Current Information Report Incident No. 115482609 and over 3 months from the date of the original offense report entry made under the name of Officer Lewis concerning HPD Current Information Report Incident No. 023382611.

Appellant contends that the lack of temporal proximity does not support the Court of Appeals' conclusion that the extraneous offense evidence concerning the grand jury subpoenas was admissible as "same transaction contextual evidence".

8

The Court of Appeals, in its opinion, did not directly address and analyze appellant's argument in issue six concerning trial counsel's failure to request a limiting instruction concerning the grand jury subpoena extraneous misconduct evidence. *Jordan*, supra, at p. 20. Instead, the Court of Appeals found that, since the grand jury subpoena evidence was "same transaction contextual evidence", appellant was not entitled to a limiting instruction because Rule 404(b) was not implicated. Therefore, trial "Counsel was not ineffective for failing to request an improper limiting instruction regarding same transaction contextual evidence." Id. at p. 22-23.

In its response to appellant's issue six concerning ineffective assistance of counsel, the Court of Appeals pointed out that "We have already held that the grand jury subpoena evidence was "same transaction contextual evidence" "When evidence is admitted on this basis, Rule 404(b) is not implicated and the defendant is not entitled to any limiting instruction concerning the use of that evidence." Id. at p. 22.

However, when the Court of Appeals, addressed appellant's issue two concerning the admissibility of the extraneous offenses, it held that the grand jury subpoena evidence was admissible to show both motive pursuant to TEX. R. EVID.

9

404(b) and also as "same transaction contextual evidence." Id. at p. 14. Although appellant disagrees with the Court of Appeals conclusion that the extraneous offense grand jury subpoena evidence was admissible as "same transaction contextual evidence", appellant contends that, since the Court of Appeals also found that the extraneous offense evidence was admissible to show motive pursuant to rule 404(b), supra, appellant was entitled to a rule 105(a), supra, limiting instruction.

Appellant would also point out that the case of **Rogers v. State**, 853 S.W.2d 29 (Tex. Crim. App. 1993) cited by the Court of Appeals for the proposition that the evidence regarding the grand jury subpoenas was admissible as "same transaction contextual evidence", *Jordan*, supra, at p. 14, was a case in which the Court of Criminal Appeals reversed the appellant's judgment of conviction after finding that the Court of Appeals erred in finding that the extraneous offense evidence was properly admitted as "same transaction contextual evidence". Id. at 35. Significantly, even though there was temporal proximity since the extraneous offense of possession of marijuana arose out of the same arrest of the appellant for burglary of a habitation and possession of methamphetamine, the Court of Criminal Appeals stated that there was no necessity for the admission of the

10

extraneous offense evidence. Id. at 34-35.

Similarly, in appellant's instant appeal, the evidence of the extraneous offenses concerning the grand jury subpoenas was not necessary to the jury's understanding of the offenses of tampering with a government record. Therefore, the Court of Appeals erred in concluding that the extraneous offense evidence was admissible as "same transaction contextual evidence".

However, as the Court of Appeals also stated, the extraneous offense evidence was admissible to show appellant's motive in falsifying the government records pursuant to TEX. R. EVID. 404(b). *Jordan*, supra, at p. 14. Therefore, appellant was entitled to a limiting instruction under rule 105(a).

The Court of Appeals erred and this Court should reverse and remand appellant's case back to the Court of Appeals in order to analyze appellant's issue six.

## PRAYER FOR RELIEF

Appellant prays that this Court grant his petition for discretionary review; set this case for submission; and that, after submission, reverse the judgment of the Court of Appeals and remand the case for further proceedings. TEX. R. APP. PROC. 78.1 (d).

11

Respectfully submitted,

/s/Charles Hinton
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that a copy of appellant's petition has been sent through the e-file

system and served on the following parties on May 11, 2015:

Alan Curry
Chief Prosecutor
Harris County District Attorney's Office
1201 Franklin, Ste. 600
Houston, Texas 77002-1923

State Prosecuting Attorney
P.O. Box 13046
Capitol Station
Austin, Texas 78711-3046

/s/Charles Hinton
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

12

**CERTIFICATE OF COMPLIANCE**

**PURSUANT TO TEX. R. APP. PROC. 9.4(i)(3)**

Appellant's counsel certifies that the word count of this document is 2628.

/s/Charles Hinton
Charles Hinton
P.O. Box 53719
Houston, Texas 77052-3719
832-603-1330
chashinton@sbcglobal.net
SBOT #09709800
Attorney for Appellant

13



In The

# Court of Appeals

For The

# First District of Texas

---

## NOS. 01-13-00775-CR
## 01-13-00776-CR

---

### RALEIGH JORDAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 209th District Court
### Harris County, Texas
### Trial Court Case Nos. 1329597 & 1329598

---

## MEMORANDUM OPINION

After a jury convicted appellant, Raleigh Jordan, of two charges of tampering with a government document, the trial court assessed punishment in each case at two years' confinement, which it suspended, placing appellant under two years' community supervision. In six issues on appeal, appellant contends (1)

the evidence is legally insufficient; the trial court erred in (2) admitting extraneous offense evidence, and (3) denying appellant a hearing on his motion for new trial; (4) the State failed to turn over exculpatory evidence; (5) appellant was denied due process because he was unaware of the charges against him until his arraignment immediately before trial; and (6) appellant received ineffective assistance of counsel because counsel did not seek a limiting instruction for extraneous offense evidence. We affirm.

## BACKGROUND

*Grand jury subpoenas raise questions*

In July 2011, Harris County Assistant District Attorney Erin Epley was contacted by a financial institution about a grand jury subpoena the company had received that had been signed by Epley. The financial institution was concerned because the subject of the subpoena, Lisa Heath Jordan, was married to appellant, the police officer to whom the financial institution was ordered to direct its reply to the subpoena.

Epley recalled authorizing the grand jury subpoena, and several others at the same time, because she did not herself prepare the subpoenas, and it was only the second time she had been called upon to sign a grand jury subpoena that someone else had prepared. Before signing the grand jury subpoenas, she had checked to make sure that each had an offense report listed to show that they were being

2

issued as a part of an ongoing investigation. She would not have authorized the subpoenas for a closed investigation, nor did she know that appellant, the officer requesting the subpoenas, was married to Lisa Jordan, the subject of the subpoenas.

Because of her concerns and those of the financial institution that had received the grand jury subpoena, Epley contacted Internal Affairs at the Houston Police Department ["HPD"], which began an investigation.

*The 2009 Police Report*

Officer M. Monte was assigned to investigate the situation. He began by looking at the offense reports used to obtain the grand jury subpoenas. Offense report number 11548609T ["the 2009 report"] was initiated as a forgery investigation on August 7, 2009, the same day appellant's wife obtained a temporary restraining order against appellant because she had filed for divorce. The complainant on the 2009 report was listed as "Chase Bank," but the information in the narrative portion of the report was supplied by appellant.

Data entry clerk C. Johnson from the Burglary/Theft division of HPD testified that she took the initial information from appellant for the 2009 report, in which he alleged that his wife was committing fraud in connection with government student loans. Appellant verbally described what he believed to be the offense, and the initial report lists 15 items of evidence. Johnson, however, did not recall that appellant had any evidence at the time she met with him, and the

3

recovery date of the evidence listed was September 19, 2010. Johnson did not recall meeting with appellant at any time other that the one time in 2009.

The 2009 report contains several supplements in addition to the initial report recorded by Johnson. The first two supplements are by Officer C. Graves[1], the officer who was assigned to investigate the financial fraud that appellant alleged his wife had committed. Graves set up a meeting with appellant, to which he said he would bring evidence of his wife's crimes. However, appellant never produced any documents to Graves. Graves wrote in her final supplement, which is dated August 13, 2009, "I explained [to appellant] that because the suspect was his spouse that he could not file charges on her. I explained to him that this is a community property state and that any monies taken, spent or charged was both of their responsibility. I told him that this is a civil matter and he needed to speak to his attorney about the matter." Graves's supplement concluded, "This case will be cleared unfounded because no crime was committed."

Graves was unaware of any further activity in the case until questioned about it by Officer Monte as a part of his investigation of appellant in 2011. She testified that she never authorized or was aware of any further supplements to the 2009 report, but when she reviewed it at Officer Monte's request she determined

---

[1] We will refer to this witness as Lt. Graves, as that is how her name appears in the documentary evidence. By the time of trial, she had married and her name appears in the reporter's record as Lt. Southwell.

4

that it had been altered and added to. Specifically, evidence was added in 2010. Graves felt harmed by the alterations and additions to the report because it caused HPD to question her credibility. She was aware of no one other than appellant who would have benefited from the altered report. Graves also testified that, had the investigation remained closed, as she intended it to be, appellant could have not used the report to obtain his wife's financial records via grand jury subpoenas because a police report is necessary for issuing a grand jury subpoena.

There were several other supplements to the 2009 report made after it was closed by Graves. One supplement was made by Officer Karavantos, a patrol officer who had worked some extra jobs with appellant, but who had moved to Florida by the time of trial. Four of these supplemental reports appeared to have been made by Officer R.T. Lewis. Lewis's name is on the supplemental reports, as well as his employee payroll number identifying him as the officer making the report. The first of Lewis's supplemental reports is dated September 20, 2010, and the last of his supplemental reports is dated June 10, 2011. Each of the supplements adds information or articles of evidence relating to Lisa Jordan's alleged crimes.

Officer Lewis was appellant's partner at HPD at the time of the supplements, and he testified at trial that he never investigated appellant's wife or wrote any of the supplemental reports about appellant's wife. Lewis further testified that

appellant knew his payroll number, which was used to identify Lewis as the officer writing the supplement. Lewis never authorized appellant to use his payroll number and enter the supplemental reports. In fact, Lewis testified that he advised appellant not to investigate his wife himself.

*The 2011 Police Report*

In the course of his investigation regarding the grand jury subpoenas, Officer Monte also discovered that police report 023382611T ["the 2011 report"] had been used to support appellant's request for issuance of the grand jury subpoenas. This police report was dated April 12, 2011, listed appellant as the complainant, and alleged that Douglas Ray York and Stephen Kent Leatherman, attorneys who represented appellant and his wife in their pending divorce proceeding, had "intentionally and knowingly passed [] fraudulent court documents for the sole purpose to defraud and deceive [appellant]." Again, Officer R.T. Lewis, appellant's partner at HPD, was listed as the officer making the report and his employee payroll number appears on the report.

At trial, Officer Lewis denied making this report, giving appellant the authority to use his name and payroll number in making this report, or conducting any investigation relating to appellant's wife.

*The Computer Forensics*

HPD Officer Matthew Lezak, a computer forensic specialist, was asked to examine the hard drive on appellant's work computer as a part of the internal affairs investigation. Lezak testified that each time an officer would upload a report, the system would create a report receipt. Appellant's computer had 48 report receipts. Of those 48 receipts, 40 of them were to appellant's own payroll number. However, four of the receipts—three supplements to the 2009 report and the initial 2011 report—had Officer Lewis's payroll number. Thus, the forensic computer evidence showed that those four entries were made from appellant's computer using Lewis's payroll number. Additionally, the face of the reports themselves indicate that three supplements purportedly made by Lewis to the 2009 report and the 2011 report were made from appellant's computer—HP DC6005 319808.

Lezak also found letters on HPD City of Houston letterhead, which were addressed to 10 different financial institutions and were meant to accompany the grand jury subpoenas. The letters stated, "Please direct your reply to the personal attention of Officer Jordan; as stated on the face of this Subpoena."

*Other Evidence*

F. Quinn, appellant's sergeant in the Major Offender's division at HPD, testified that appellant's pending divorce "seemed to kind of consume him."

7

Quinn never gave appellant permission to investigate his wife, but told him to have the financial crimes unit investigate it instead. Quinn stated, "I told him, I gave him a direct order not to conduct that investigation, not to use a computer to obtain information about her or any kind of city equipment involving that investigation."

Quinn also testified about the importance of maintaining the integrity of police reports: "Well, the integrity has to be maintained. There shouldn't be any exception. It's critical, it's critical we be able to rely on those reports and those reports be truthful and reflect nothing other than the truth."

Finally, Quinn testified that after the investigation began he received at least seven envelopes addressed to appellant at the Major Crimes Division containing financial records relating to Lisa Jordan.

*Appellant charged with tampering with government records*

As a result of the internal affairs investigation, appellant was arrested and charged with tampering with government records, specifically, the 2009 and 2011 police reports. The State alleged that appellant made false entries in the reports by entering information in the reports using Officer Lewis's name and employee payroll number.

## SUFFICIENCY OF THE EVIDENCE

In issue one, appellant contends the evidence is legally insufficient. Specifically, appellant argues that because the author of the supplemental reports is

8

unknown and no witness "testified as to who actually made the entries," the evidence is legally insufficient to show that appellant altered the police reports.

*Standard of review and applicable law*

We review the legal sufficiency of the evidence by considering all of the evidence "in the light most favorable to the prosecution" to determine whether any "rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S. Ct. 2781, 2788–89 (1979). The standard is the same for both direct and circumstantial evidence cases. *King v. State,* 895 S.W.2d 701, 703 (Tex. Crim. App. 1995) (en banc) (citing *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex. Crim. App. 1985)). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. *See Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). We give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). However, our duty requires us to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offenses of which he is accused. *Id.*

9

Section 37.10 of the Texas Penal Code, titled "Tampering With Governmental Record," states in relevant part, "A person commits an offense if he: (1) knowingly makes a false entry in, or false alteration of, a governmental record." TEX. PENAL CODE ANN. §37.10(a)(1) (Vernon Supp. 2013). Apart from exceptions not applicable here, an offense under section 37.10 is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony. *See* TEX. PENAL CODE ANN. § 37.10(c)(1) (Vernon Supp. 2008). The term defraud is not defined, and "undefined statutory terms are to be understood as ordinary usage allows, and jurors may freely read statutory language to have any meaning which is acceptable in common parlance." *Hunter v. State*, No. 14-13-00847-CR, 2014 WL 6923116, at *3 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. filed) (mem. op, not designated for publication) (citing *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011)).

*Analysis*

Appellant contends the evidence does not support his convictions because "Karavantos was not present to deny that he did not make the entries in the [2009] report[,]" and neither Lewis "nor the other witnesses testified as to who actually made the entries." The State responds that there is sufficient circumstantial evidence to support the jury's verdict. We agree with the State.

10

Lewis testified that he did not investigate appellant's wife, he did not make the entries into either police report, and he did not authorize appellant to do so using Lewis's name and employee payroll number. Additionally, several of the reports and supplements attributed to Lewis were made from appellant's work computer, which was password protected. No other person, including the absent Karavantos, had a motive to enter supplements or reports and falsely attribute them to Lewis. Appellant, however, had the motivation to file such reports by reopening the closed investigation and starting a new investigation against the divorce lawyers in his case so that he could obtain his wife's financial records through a grand jury subpoena, which requires an active investigation. And, by using Officer Lewis's payroll number to make the supplements and reports, appellant created the appearance that an impartial investigator was working on the case. Indeed, Assistant District Attorney Epley testified that she would not have signed the grand jury subpoenas had she known they were for appellant's wife's records.

Based on this evidence, the jury could have reasonably concluded that appellant made a false entry in a government document by making entries in both reports after the first case had been closed and falsely attributing those entries to Lewis.

We overrule issue one.

## EXTRANEOUS OFFENSES

In issue two, appellant argues that the Court's decision to admit evidence of extraneous acts, namely of the filing of the grand jury subpoenas, was reversible error. Specifically, appellant argues that "[t]he admittance of [evidence relating to the grand jury subpoenas] greatly influenced the jury into finding [appellant] guilty on both counts, although the evidence of filing grand jury subpoenas [was] irrelevant to the charges of tampering with a governmental record, especially since the State approved the grand jury subpoenas."

*Standard of review and applicable law*

We review a trial court's admission or exclusion of extraneous-offense evidence for abuse of discretion. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). A trial court's decision regarding admissibility of evidence will be sustained if correct on any theory of law applicable to the case, even when the court's underlying reason for the decision is wrong. *Romero v. State*, 800 S.W.2d 539, 543–44 (Tex. Crim. App. 1990). Rule 404(b) provides that evidence of "other crimes, wrongs or acts" is inadmissible to prove a defendant's character in order to show action in conformity therewith. TEX. R. EVID. 404(b). This type of evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*; *Swarb v. State*, 125 S.W.3d 672, 681 (Tex. App.—Houston [1st

12

Dist.] 2003, pet. dism'd). This list is not exclusive. *Turner v. State,* 754 S.W.2d 668, 672 (Tex. Crim. App. 1988). Also, "events do not occur in a vacuum[,]" and evidence of extraneous offenses may be admissible "[t]o show the context in which the criminal act occurred." *Albrecht v. State,* 486 S.W.2d 97, 100 (Tex. Crim. App. 1972); *see also Rogers v. State,* 853 S.W.2d 29, 32–33 (Tex. Crim. App. 1993) (discussing admissibility of same transaction contextual and background evidence).

*Analysis*

The State contends that the evidence regarding the issuance of the grand jury subpoenas was admissible for two reasons: (1) to show appellant's motive in falsifying the police reports, and (2) as "same transaction contextual evidence." We agree with both arguments.

Regarding motive, there was testimony that appellant needed a police report to obtain a grand jury subpoena. The ADA testified that she would not issue a grand jury subpoena unless there was a valid police investigation. The State showed that his motivation for falsifying the reports using Lewis's information was to reopen the 2009 case and to initiate the 2011 case so that appellant could then use grand jury subpoenas to obtain his wife's financial information for use in his pending divorce. Without showing evidence of appellant's motive, i.e., that he needed valid police investigations to obtain grand jury subpoenas, the evidence of

13

his falsifications of the police reports would have made little sense. As such, the evidence of the grand jury subpoenas was admissible to show appellant's motive in falsifying the government records. *See* TEX. R. EVID. 404(b).

For the same reason, the evidence regarding the grand jury subpoenas was admissible as "same transaction contextual evidence."

> Same transaction contextual evidence is deemed admissible as a so-called exception to the propensity rule where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, whether direct or circumstantial of any one of them cannot be given without showing the others." The reason for its admissibility "is simply because in narrating the one it is impracticable to avoid describing the other, and not because the other has any evidential purpose." Necessity, then, seems to be one of the reasons behind admitting evidence of the accused's acts, words and conduct at the time of the commission of the offense. Necessity, then is an "other purpose" for which same transaction contextual evidence is admissible under Rule 404(b). Only if the facts and circumstances of the instant offense would make little or no sense without also bringing in the same transaction contextual evidence, should the same transaction contextual evidence be admitted.

*Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993) (citations omitted). As we stated above, without showing that appellant needed valid investigations to obtain grand jury subpoenas, the evidence of his falsifications of the police reports would have made little sense. As such, the evidence regarding the issuance of the grand jury subpoenas was also admissible as "same transaction contextual evidence."

We overrule issue two.

14

## MOTION FOR NEW TRIAL

In issue three, appellant "asserts that his constitutional rights were denied by not having a hearing on his Motion for New Trial."

*Background*

The trial court imposed judgment on July 26, 2013, and appellant timely filed a Motion for New Trial on August 23, 2013, which alleged ineffective assistance of counsel, among other claims. *See* TEX. R. APP. P. 21.4(a) (stating motion for new trial must be filed no later than 30 days after the court imposes sentence). However, appellant's motion did not include any affidavit in support of the allegations made therein.

The docket sheet shows that the Motion for New Trial hearing was reset several times, twice by agreement of both parties and once at appellant's request. No hearing was ever held. Instead, on December 8, 2013, appellant filed a Bench Brief in Support of his Motion for New Trial, which for the first time contained an affidavit by appellant in support of the allegations set forth in his motion. The State also filed the affidavit of appellant's trial counsel, refuting the ineffective assistance of counsel allegations in appellant's motion.

Appellant's Motion for New Trial was overruled by operation of law two days later on October 10, 2013. *See* TEX. R. APP. P. 21.8 (allowing trial court 75 days to rule on motion for new trial or deeming motion denied on 76th day).

15

*Standard of review and applicable law*

The trial court has a duty to hold an evidentiary hearing on a defendant's motion for new trial if the motion and accompanying affidavit raise an issue (1) that is not determinable from the record, and (2) on which the defendant could be granted relief. *Lucero v. State*, 246 S.W.3d 86, 94 (Tex. Crim. App. 2008). When the motion raises matters that are not determinable from the record, to prevent "fishing expeditions," the motion must be supported by an affidavit that explicitly sets out the factual basis for the claim. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). The affidavit does not need to establish a *prima facie* case or even reflect every component to obtain relief on the claim, but must merely reflect "reasonable grounds" for a court to hold that relief could be granted. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). Where a defendant asserts that he is entitled to a hearing on a motion for new trial raising ineffective assistance of counsel, the motion and affidavit "must allege sufficient facts from which a trial court could reasonably conclude *both* that counsel failed to act as a reasonably competent attorney *and* that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different." *Smith*, 286 S.W.3d at 341 (emphasis in original).

We review the trial court's decision on whether to hold a hearing on a defendant's motion for new trial for abuse of discretion. *Lucero*, 246 S.W.3d at 94.

16

A trial court abuses its discretion only when its decision lies outside the zone of reasonable disagreement. *Smith*, 286 S.W.3d at 339.

*Analysis*

Here, appellant's Motion for New Trial, though timely, did not have a supporting affidavit. A motion for new trial alleging facts outside the record, as here, is not a proper pleading and is defective; a trial court does not err in refusing to grant a hearing on such a motion. *Klapesky v. State*, 256 S.W.3d 442, 454 (Tex. App.—Austin 2008, pet. ref'd); *see also Wallace*, 106 S.W.3d at 108.

Appellant's affidavit in support of his Motion for New Trial was not filed until December 8, 2013, several months after the time for filing amended Motions for New Trial. *See* TEX. R. APP. P. 21.4 ("Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrule any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial."). Filing an affidavit in support of a motion for new trial more than thirty days after sentencing is considered an untimely attempt to amend the motion. *Klapesky*, 256 S.W.3d at 455 (citing *Dugard v. State*, 688 S.W.2d 524, 529–30 (Tex. Crim. App. 1985), *overruled on other grounds by Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); *Flores v. State*, 18 S.W.3d 796, 798 (Tex. App.—Austin 2000, no pet.)).

17

Because appellant's untimely affidavit was not properly before the trial court, the trial court did not err in refusing to grant a hearing on appellant's unsupported motion.

We overrule issue three.

## EXCULPATORY EVIDENCE

In his issue four, appellant contends the prosecution failed to disclose exculpatory evidence—his own recorded statement—in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

*Applicable law*

In *Brady*, the United States Supreme Court held "'that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *Pena v. State*, 353 S.W.3d 797, 809 (Tex. Crim. App. 2011) (quoting *Brady*, 373 U.S. at 87). "The scenarios to which *Brady* applies 'involve[ ] the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Id.* at 810 (quoting *United States v. Agurs*, 427 U.S. 97, 103 (1976)). Consequently, the State does not have a duty to disclose if the defendant is actually aware of the exculpatory evidence. *Id.*

*Analysis*

In this case, the exculpatory evidence of which appellant complains is his own recorded statement. No disclosure was required because appellant was actually aware of the contents of his own statement. Further, the record shows that the State provided notice of its intent to offer the statement into evidence almost a year before the trial, even though, ultimately it was not admitted.

We overrule issue four.

## DUE PROCESS

In issue five, appellant contends he was denied due process of law because "he was arraigned on the same day as the trial," and "was not aware until the trial, of the charge against him." However, the record shows that appellant was, in fact, arraigned at a pretrial hearing the day before the trial started. An arraignment is not a part of a trial by jury and is one of the proceedings that can be disposed of by a pre-trial hearing. *Wood v. State*, 515 S.W.2d 300, 303 (Tex. Crim. App. 1974).

To the extent that appellant is complaining that the indictment did not provide *him* notice of the charged offense, we note that appellant never filed a motion to quash or otherwise complained to the trial court that he was unaware of the charges against him. Article 1.14 of the Texas Code of Criminal Procedure provides that a defendant waives the right to object to a defect, error, or irregularity of form or substance in an indictment if he does not object before the

19

date on which the trial on the merits commences. TEX. CODE CRIM. PROC. ANN. art. 1.14 (Vernon 2005. By failing to object or moving to quash the indictment before the date of his trial, appellant has waived his complaint regarding lack of notice. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14.

We overrule issue five.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In issue six, appellant contends that he received ineffective assistance of counsel because his trial attorney did not "request a limiting instruction concerning the grand jury subpoena extraneous misconduct evidence[.]"

*Standard of Review and Applicable Law*

We consider claims of ineffective assistance of counsel under the two-prong test adopted in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To prevail on an ineffective assistance of counsel claim, appellant must show that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the defendant, meaning there was a reasonable probability that, but for the counsel's deficient performance, the results of the trial would have been different. *Id.; Ex parte Napper*, 322 S.W.3d 202, 246, 248 (Tex. Crim. App. 2010). The burden is on appellant to prove by a preponderance of the evidence that counsel was ineffective. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

20

The first prong of *Strickland* requires that the challenged acts or omissions of counsel fall below the objective standard of professional competence under prevailing professional norms. *Perez v. State,* 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Appellate courts are highly deferential to trial counsel and avoid evaluating counsel's conduct in hindsight. *Ingham v. State,* 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Thus, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of *Strickland* requires a reasonable probability that the outcome of the case would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome, meaning that counsel's errors must be so serious that they deprive appellant of a fair trial. *Smith,* 286 S.W.3d at 340.

Allegations of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the ineffectiveness. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). "In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal." *Lopez v. State,* 343 S.W.3d 137, 143 (Tex.

21

Crim. App. 2011). When the record is silent as to the reasoning behind an alleged deficiency by trial counsel, "we will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Id.; see also Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("[I]n the absence of evidence of counsel's reasons for the challenged conduct, an appellate court . . . will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it.").

*Analysis*

Appellant argues that "Appellant's attorneys [sic] failure to request a limiting instruction concerning the extraneous offense evidence and testimony concerning the grand jury subpoenas resulted in ineffective assistance of counsel." The State responds that no limiting instruction is required for same-transaction contextual evidence. We agree with the State.

"Same transaction contextual evidence" refers to those events and circumstances that are intertwined, inseparable parts of an event that, if viewed in isolation, would make no sense at all. *Delgado v. State*, 235 S.W.3d 244, 253 (Tex. Crim. App. 2007). We have already held that the grand jury subpoena evidence was "same transaction contextual evidence." "When evidence is admitted on this basis, Rule 404(b) is not implicated and the defendant is not entitled to any limiting instruction concerning the use of that evidence. *Id.* Counsel

22

was not ineffective for failing to request an improper limiting instruction regarding same transaction contextual evidence.

We overrule issue six.

## CONCLUSION

We affirm the trial court's judgments.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

Print this page

# Envelope 5229344

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 05/11/2015 12:30:11 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Charles Hinton |
| Firm Name | Charles Hinton |
| Filed By | Charles Hinton |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Charles Hinton |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 8582754 |
| Order # | 005229344-0 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Appellant's PDR |
| Reference Number | |
| Comments | Please file Appellant's PDR |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | 05/12/2015 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for |

| Other | 03:06:46 PM | discretionary review. Additionally, when submitting petitions for companion cases, if there are no substantive differences in the petitions you may submit a combined petition containing all cause numbers. |

## Documents

| *Lead Document* | img001.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| State Prosecuting Attorney information@spa.texas.gov | | EServe | Sent | Yes | 05/11/2015 01:25:10 PM |
| Alan Curry curry_alan@dao.hctx.net | | EServe | Sent | Yes | 05/11/2015 02:10:04 PM |